United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 14, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-30641
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHASITY TRAVIS,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:04-CR-50017-ALL
--------------------

Before KING, Chief Judge, and HIGGINBOTHAM and SMITH, Circuit Judges.

PER CURIAM:[*]

Chasity Travis appeals his sentence following his guilty-plea conviction for infringement of copyrighted works having a retail value of $2,500 or more. Travis argues for the first time on appeal that, in light of United States v. Booker, 125 S. Ct. 738 (2005), his sentence is invalid because the district court applied the Sentencing Guidelines as if they were mandatory.

As Travis concedes, our review is for plain error. See United States v. Mares, 402 F.3d 511, 513 (5th Cir.), cert. denied, 126 S. Ct. 43 (2005). Here, the district court erred by

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

imposing a sentence pursuant to a mandatory application of the Sentencing Guidelines.  See Booker, 125 S. Ct. at 768; see also Mares, 402 F.3d at 520-21 & n.9.  However, Travis cannot establish that this error affected his substantial rights.  The record does not establish that the sentencing court would have imposed a different sentence had it been proceeding under an advisory guideline scheme.  In the absence of a showing that his sentence likely would have been different, Travis cannot establish plain error, and his Booker argument fails.  See United States v. Valenzuela-Quevedo, 407 F.3d 728, 733 (5th Cir.), cert. denied, 126 S. Ct. 267 (2005).

AFFIRMED.